755 So.2d 830 (2000)
STATE of Florida, Appellant/Cross-Appellee,
v.
William Zachary WHITE, Appellee/Cross-Appellant.
Nos. 5D99-1363, 5D99-1615.
District Court of Appeal of Florida, Fifth District.
May 5, 2000.
*831 Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellant/Cross-Appellee.
James B. Gibson, Public Defender, and John M. Selden, Assistant Public Defender, Daytona Beach, for Appellee/Cross-Appellant.
ANTOON, C.J.
In this consolidated appeal, the State appeals the downward departure sentence given William White by the trial court over the State's objection (Case No. 99-1363), and Mr. White appeals his convictions, maintaining that the trial court erred in admitting certain impeachment testimony and in denying his motion for judgment of acquittal (Case No. 99-1615). The trial court gave three reasons for the departure, none of which was valid under the facts of this case. Accordingly, we must vacate Mr. White's sentences and remand this matter for re-sentencing. We find no merit in Mr. White's claims of trial error; therefore, we affirm his convictions.
Mr. White lived in a duplex owned by his mother. The other portion of the duplex was occupied by the victims in this case. They came home from work one day to discover their VCR, three shotguns, jewelry, and blank checks missing. There was no sign of forced entry. Mr. White, using the identification of one of the victims, cashed one of the missing checks. Witnesses linked Mr. White to the stolen merchandise.
After hearing the evidence, the jury found Mr. White guilty of the offenses of armed burglary of a dwelling,[1] dealing in stolen property, and uttering a forgery. He was additionally adjudicated guilty of possession of a firearm by a convicted felon and driving with a suspended or revoked license. Rejecting the recommended guidelines sentence of 30 to 50 months' incarceration, the trial court departed downwards and imposed 35 months' incarceration, suspended, with credit for 517 days of time served, followed by five years of drug offender probation. Restitution totaling $614 was imposed. The trial court also impliedly declined the State's request to sentence Mr. White as a habitual offender. At the sentencing hearing, the trial court announced the reasons for its leniency:
The reason for the departure and suspended sentence is the need for payment of restitution to the victims outweighs the need for a prison sentence.
Number two, the defendant had a drug problem at the time. The Court finds that based on the evidence, that he had to be under the influence, and the testimony was that he was, and that there's a need and he's amenable to rehabilitation through the programs he's been through, the drug offender probation, continue the drug programs, and definitely that the offense was committed in an unsophisticated manner. No question about that.
The State argues, and we agree, that these reasons are unsupported by the record.
The first reason for departure, that the need for restitution outweighs the need for a prison sentence, can be a valid reason for departure. See § 921.0016(4)(e), Fla. Stat. (Supp.1996); Banks v. State, 732 So.2d 1065 (Fla.1999). *832 However, for it to be such, the reason must be supported by competent substantial evidence. Id. at 1067. That evidence is missing in this case. Here, although there was Mr. White's testimony that while he had been out on bond, he had been earning "really good money," there was no testimony from the victims that they were in need of their $614 restitution money to make up for loss of the items stolen in 1997. Thus, there was no evidence before the court that the victims' need for restitution outweighed the need to imprison Mr. White. See State v. Amodeo, 750 So.2d 664 (Fla. 5th DCA 1999) (holding that in the absence of testimony or a showing of the need for restitution by the burglary victims or evidence that defendant would be able to provide restitution if spared a longer sentence, downward departure based on the need for restitution is improper); State v. Bleckinger, 746 So.2d 553 (Fla. 5th DCA 1999) (holding that downward departure based on need for restitution requires showing that the victim's need for restitution outweighs the need for imprisonment). Furthermore, there is no reason that restitution could not be made a condition of any post-incarceration probation.[2]See §§ 775.089, 948.03(a), (e), Fla. Stat. (1999).
The second reason for departure was that Mr. White had a drug problem, was under the influence of drugs at the time he committed the offenses, and had a need for, and was amenable to, rehabilitation. Because the offenses were committed in June 1997, section 921.0016(4)(d), Florida Statutes, (Supp.1996) is applicable. That version of the statute provided that downward departure was proper based on a finding that the defendant "requires specialized treatment for addiction ... and the defendant is amenable to treatment."[3]
What prevents this court from upholding this basis for downward departure is the fact that there was no evidence presented to the trial court that Mr. White required specialized treatment. See State v. Thompson, 754 So.2d 126 (Fla. 5th DCA 2000) (holding that downward departure was improper in the absence of evidence that the defendant required specialized treatment or that any such treatment could not be provided by the Department of Corrections). But see State v. Spioch, 706 So.2d 32, 36 (Fla. 5th DCA), rev. denied, 718 So.2d 171 (Fla.1998)(rejecting the state's contention that a defendant must produce evidence that the defendant could not be successfully treated in prison; stating that "a lack of available treatment in prison is not required under the statute."). In State v. Gordon, 645 So.2d 140, 142 (Fla. 3d DCA 1994), rev. denied, 652 So.2d 816 (Fla.1995), the Third District Court explained, "In particular, where, as here, the purpose of the downward departure from the sentencing guidelines is to allow the defendant to obtain treatment in a drug rehabilitation program, it would seem essential either that the defendant already be in the program as was true in Herrin [v. State, 568 So.2d 920 (Fla.1990)] or that there be a[n] evaluation by a representative of the program indicating that the defendant will be accepted in the program as a suitable candidate for drug treatment." No such evidence was presented on behalf Mr. White's downward departure, and we therefore must find the reason unsupported by the evidence. See § 921.001(6), Fla. Stat. (1995) (providing, "The level of proof necessary to establish facts supporting a departure from a sentence *833 under the guidelines is a preponderance of the evidence.").
The final reason for the downward departure sentence was that the offenses were committed in an unsophisticated manner. This finding was an apparent attempt to support the departure pursuant to paragraph 921.0016(4)(j), Florida Statutes (Supp.1996), which permits a downward departure when "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." The record does not support a finding of any of these three elements. Accordingly, this reason for departure is invalid.
We vacate Mr. White's sentences and remand this matter for re-sentencing under the guidelines. On remand, the trial court should address the State's habitual felony offender request and make appropriate findings supporting its determination on that issue. See King v. State, 681 So.2d 1136 (Fla.1996).
JUDGMENTS AFFIRMED; SENTENCES VACATED; CAUSE REMANDED for RE-SENTENCING.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] Judgment was entered for burglary of a structure rather than armed burglary of a dwelling because of evidentiary shortcomings by the State.
[2] Interestingly, Mr. White testified to grossing an average of $1,500 per week from his employment since he has been out of jail, but he has yet to make restitution.
[3] The current version of the statute expressly prohibits consideration of a defendant's substance abuse at the time of the commission of the crime as a reason for departure. See § 921.0026(3), Fla. Stat. (1999) ("The defendant's substance abuse or addiction, including intoxication at the time of the offense, is not a mitigating factor under subsection (2) and does not, under any circumstances, justify a downward departure from the permissible sentencing range.").