848 So.2d 1199 (2003)
STATE of Florida, Appellant,
v.
Frederick OWENS, Appellee.
No. 1D02-0370.
District Court of Appeal of Florida, First District.
July 3, 2003.
*1201 Charlie Crist, Attorney General; Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellee.
LEWIS, J.
The State seeks review of the downward departure sentence imposed upon appellee, Frederick Owens, by the trial court over the State's objection. The trial court gave two reasons for the downward departure: first, the victims' need for restitution outweighed the State's interest in imprisonment, and second, that Owens seemed amenable to drug rehabilitation. Concluding that the first reason for departure is not supported by competent, substantial evidence and that the second reason for departure is not a valid legal ground for a downward departure sentence, we reverse and remand for resentencing in accordance with the sentencing guidelines.
By information, the State charged Owens with five counts of burglary, two counts of third-degree grand theft, and three counts of felony petit theft. Owens entered a straight up plea of guilty to all of the charges. At the sentencing hearing, Owens presented testimony from his family members in favor of mitigation of his sentence to probation. This testimony focused on Owens' need for and desire to seek treatment for his drug addiction. Owens presented no evidence on the issue of restitution, although the State did request that Owens be given a probationary period, in addition to a fifteen-year prison sentence, during which time he could make restitution to his victims. The trial court accepted Owens' plea and entered a downward departure sentence consisting of twenty-five years' probation. The trial court also ordered Owens to pay a fine, court costs, and attorney's fees, and to make restitution to the victims of his crimes. This appeal followed.
The decision to impose a downward departure sentence is a two-part process. Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). First, the trial court must determine whether there is a valid legal ground for departure and whether there is adequate factual support for that ground in the pending case. Id. Legal grounds include those set forth in case law and statutes, although the mitigating circumstances listed in section 921.0026(2), Florida Statutes (2000), are not exclusive of other valid legal grounds. The facts supporting the legal grounds must be proven at trial by a preponderance of the evidence. § 921.001(4)(a)6., Fla. Stat. (2000). The trial court's decision regarding the first step will be affirmed on appeal if the reason given by the trial judge is valid and supported by competent, substantial evidence. Banks, 732 So.2d at 1067; see also State v. Clay, 780 So.2d 269, 270 (Fla. 5th DCA 2001). If the trial court finds that the initial requirements for a downward departure are satisfied, the second step requires the trial court to exercise discretion as to whether departure is truly the best sentencing option for the defendant in the pending case. Banks, 732 So.2d at 1068. With respect to the second step, the trial court is afforded considerable discretion in making its decision and it will be *1202 reversed only if the appellate court finds the trial court abused its discretion. Id.
The trial court's first reason for departure, that the need for restitution outweighed the need for a prison sentence, can be a valid legal reason for a departure sentence. See §§ 921.0016(4)(e), 921.0026(2)(e), Fla. Stat. (2000); see also Demoss v. State, 843 So.2d 309, 312 (Fla. 1st DCA 2003); State v. White, 755 So.2d 830, 831 (Fla. 5th DCA 2000). In weighing the need for restitution versus the need for imprisonment, a court must take into consideration all of the relevant factors, including the victim's need for restitution. Demoss, 843 So.2d at 312 (citing Banks, 732 So.2d at 1068-69). Where restitution is the ground relied upon in issuing a departure sentence, there must be competent, substantial evidence showing that the victim's need for restitution outweighs the need for a prison sentence. Demoss, 843 So.2d at 312; White, 755 So.2d at 831-32 (citing Banks, 732 So.2d at 1067). Evidence in support of restitution includes findings such as the nature of the victim's loss, the effectiveness of restitution, and the consequences of imprisonment. State v. Petringelo, 762 So.2d 965, 965 (Fla. 2d DCA 2000).
Here, the record is devoid of any evidence that the victims of Owens' crimes had requested restitution or expressed any particular need for restitution. Additionally, there was no evidence presented of a pressing need for restitution in place of incarceration, or that a downward departure sentence was required to ensure that restitution would, in fact, be made. Instead, testimony presented by Owens in support of a downward departure at the sentencing hearing focused solely on Owens' struggle with drug addiction and his family's desire that he be rehabilitated and allowed to return home. See State v. Schillaci, 767 So.2d 598, 599 (Fla. 4th DCA 2000) (reversing the downward departure sentence based on the need for restitution outweighing the need for incarceration, where defense counsel failed to present any evidence that the victims requested restitution or expressed any particular need for restitution); State v. Amodeo, 750 So.2d 664, 667 (Fla. 5th DCA 1999) (holding that in the absence of testimony or a showing of the need for restitution by the burglary victims or evidence that the defendant would be able to provide restitution if spared a longer sentence, the downward departure based on the need for restitution is improper). Furthermore, as the State requested, there is no reason that restitution could not be made a condition of any post-incarceration probation. See §§ 775.089(3)(a), (4), 948.03(1)(a), (e) Fla. Stat. (2000); see also White, 755 So.2d at 832. Therefore, the first reason given by the trial court for departure fails step one of the Banks two-step process as it is not supported by competent, substantial evidence. See White, 755 So.2d at 831-32; see also Schillaci, 767 So.2d at 600.
The second reason for departure, that Owens seemed amenable to drug rehabilitation, "does not, under any circumstances, justify a downward departure from the sentence recommended under the sentencing guidelines." §§ 921.0016(5), 921.0026(3) Fla. Stat. (2000); see also State v. Ford, 739 So.2d 629, 629 (Fla. 3d DCA 1999). As such, the second reason for departure "contravenes the plain language of the statute." See State v. Thompson, 844 So.2d 814 (Fla. 5th DCA 2003) (citing section 921.0026(3), Fla. Stat.). Furthermore, Owens concedes on appeal that drug rehabilitation was not a valid legal ground upon which to issue a departure sentence. Thus, the trial court's second reason for departure also fails step one of Banks, as it does not constitute a valid legal ground *1203 for a downward departure sentence and cannot be affirmed.
Turning now to step two of the Banks two-step process, the trial judge is required to determine not whether he can depart, but after weighing the totality of the circumstances, whether he should depart. See Banks, 732 So.2d at 1068. Because the trial court's reasons for departure failed step one of the Banks two-step process, we need not determine whether the trial judge abused his discretion under step two.
Accordingly, we reverse the sentence on appeal and remand for resentencing without downward departure.
REVERSED and REMANDED for resentencing.
VAN NORTWICK and HAWKES, JJ., concur.