994 So.2d 507 (2008)
The STATE of Florida, Appellant,
v.
Sylvia HOLMES, Appellee.
No. 3D08-354.
District Court of Appeal of Florida, Third District.
November 19, 2008.
Bill McCollum, Attorney General, and Jerome Smiley, Jr., Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellee.
Before GERSTEN, C.J., and RAMIREZ and WELLS, JJ.
WELLS, Judge.
The State appeals from downward departure sentences in the instant two cases. The defendant concedes that the grounds on which these sentences are based are not supported by competent, substantial evidence and that the sentences should be reversed and remanded for resentencing. For the following reasons, we agree.
In August 2003, Sylvia Holmes was charged with a single count of grand theft *508 in the third degree stemming from the utterance of a forged instrument. The State filed a notice of intent to seek enhanced penalties with regard to this crime. In September 2003, Holmes suffered a stroke. Although initially partially paralyzed and unable to speak as a consequence of this stroke, Holmes was sufficiently rehabilitated to commit additional crimes in May 2004 and was charged with identity theft, forgery, credit card fraud, and grand theft in the third degree.
The crimes charged in August 2003 and May 2004 were committed while Holmes was serving a five year probationary sentence on a federal felony charge of conspiracy to commit bank fraud[1] and resulted in revocation of Holmes' probation. She served eighteen months in federal prison for the federal bank charge felony. After release from federal prison, Holmes entered into plea negotiations to resolve the State charges against her. Holmes, facing a guidelines sentence of only 27.8 months in state prison, offered to plead guilty to the charges in both cases in exchange for a downward departure sentence of administrative probation for five years. The State, with information confirming Holmes' substantial history of theft convictions dating back to the 1970's, rejected the offer and offered instead ten years in state prison as a habitual felony offender.
Following a hearing at which Holmes testified that she suffered from complications of a stroke and a heart condition and that she was sorry and wanted to live crime free, the court below entered concurrent downward departure sentences of five years administrative probation in the two cases at issue here, concluding that Holmes' "remorse, and the unlikelihood that she will commit future crimes, are valid reasons to depart from the sentencing guidelines." The State appeals from this order claiming that this conclusion is supported by neither the record nor the law.
Holmes concedes that the trial court's conclusion that Holmes was remorseful and not inclined to do it again will not support a downward departure in these two cases because the court did not find (because there is no evidence) that the charged crimes constituted an isolated incident and were committed in an unsophisticated manner. See § 921.0026(2)(j), Fla. Stat. (2007) (providing that remorse may be considered as a mitigating factor that would support a downward departure if the "offense was committed in an unsophisticated manner and was an isolated incident"). On this concession, and the record before us, we agree that the downward departure sentences entered below are unsupported and insupportable, and remand for resentencing.
Reversed and remanded.
NOTES
[1] As part of her sentence in this matter, Holmes was ordered to pay, among other things, "joint and several restitution in the amount of $11,800.00."