PER CURIAM.
 

 The State appeals the trial court’s resen-tencing of Kelvin L. Dunn to a downward departure sentence following this court’s reversal and remand of his original downward departure sentence in
 
 State v. Dunn,
 
 970 So.2d 922 (Fla. 1st DCA 2007). The State contends that on remand, the trial court was required to sentence Dunn within the guidelines. We agree.
 

 In
 
 Pope v. State,
 
 the supreme court held, “[W]hen an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines.” 561 So.2d 554, 556 (Fla.1990);
 
 see also Henderson v. State,
 
 622 So.2d 172, 173 (Fla. 1st DCA 1993) (reversing the defendant’s departure sentence due to the trial court’s failure to provide reasons for departure and remanding “for resentencing within the guidelines, with no possibility of departure therefrom”);
 
 State v. Tiedge,
 
 670 So.2d 191, 192 (Fla. 3d DCA 1996) (instructing the trial court to sentence the defendant to a sentence within the guidelines on remand when the trial court had failed to give
 
 *667
 
 reasons for the downward departure);
 
 Pressley v. State,
 
 921 So.2d 736, 736 (Fla. 1st DCA 2006) (reversing the defendant’s upward departure sentence where the trial court failed to state its reasons for the upward departure and directing the trial court to impose a guidelines sentence on remand). Accordingly, we reverse Dunn’s sentence and remand with directions that the trial court sentence him within the guidelines.
 

 REVERSED and REMANDED with directions.
 

 BARFIELD, ALLEN, and LEWIS, JJ., concur.