SUAREZ, J.
 

 The State appeals a sentence in lower tribunal case no. 06-14093 for burglary of an unoccupied dwelling, third-degree grand theft, criminal mischief, and resisting an officer without violence and a sentence in lower tribunal case no. 07-38131 for burglary of an unoccupied dwelling and criminal mischief. The State alleges that the trial judge erroneously sentenced the defendant pursuant to habitual offender and prison releasee reoffender enhancements, but did not provide habitual offender or prison releasee designations or oral or written reasons for the sentence which constituted a downward departure from the guidelines. We agree and reverse.
 

 The defendant entered into a non-negotiated plea. In case no. 06-14093, he pled guilty to burglary of an unoccupied dwelling, third-degree grand theft, criminal mischief and resisting an officer without violence. He was sentenced to five years of incarceration followed by two years of probation. In case number 07-38131, he pled guilty as part of the same non-negotiated plea, to charges of burglary of an unoccupied dwelling and criminal mischief. He was sentenced to four years of incarceration followed by three years of probation to run concurrent with case no. 06-14093.
 

 The State appeals the sentence on grounds that the trial court erred in sentencing the defendant to a downward departure as a habitual offender and prison releasee pursuant to a plea to the court without oral or written reasons. The State also contends that the sentence did not contain the habitual offender and prison releasee offender designation.
 

 If a trial judge chooses to impose a sentence more lenient than that required by the habitual offender statute, the judge must state the appropriate reasons for the
 
 *421
 
 downward departure from the guidelines.
 
 State v. Rinkins,
 
 646 So.2d 727 (Fla.1994).
 
 [1]
 

 As a prison releasee re-offender, the statutory language of section 775.082(9)(a)3, Florida Statutes (2008), provides that, upon proof from the State Attorney that establishes by a preponderance of evidence that a defendant is a prison releasee offender, the defendant must be sentenced according to the statute and there is no discretion to impose a lesser sentence under the sentencing guidelines. Proof of the release date, evidence of which the trial court did not give the State an opportunity to present, is an essential element for sentencing pursuant to the prison releasee re-offender act.
 
 State v. Garcia,
 
 923 So.2d 1186 (Fla. 3d DCA 2006) (holding that trial court is required to afford State sufficient opportunity to present evidence on defendant’s qualification as prison release reoffender);
 
 Gray v. State,
 
 910 So.2d 867 (Fla. 1st DCA 2005).
 

 As the defendant was sentenced to a lesser sentence under the habitual offender act without oral or written reasons for the downward departure, and as a prison releasee under the act without the re-offender designation,
 
 [2]
 
 we reverse the trial court’s order and the cause is remanded for resentencing, to include written reasons for the departure and designations for habitual offender and prison releasee, or for withdrawal of the plea.
 
 See State v. Davis,
 
 997 So.2d 1278 (Fla. 3d DCA 2009) demanding for resentencing or withdrawal of the guilty plea absent valid reasons for downward departure sentence).
 

 Reversed and remanded.
 

 [1]
 

 . The reasons given by the trial judge in the Order of Enhancement, that, because no one was confronted or hurt and because the probationary sentence would keep the defendant under the watchful eye of the court, the court need not sentence the defendant within the guidelines as a habitual offender for the protection of the public, are invalid.
 
 See State v. Holmes,
 
 994 So.2d 507 (Fla. 3d DCA 2008) (concluding that defendant who was placed on administrative probation was unlikely to commit future crimes did not support downward departure);
 
 State v. Chapman,
 
 805 So.2d 906 (Fla. 2d DCA 2001) (holding that the fact that a defendant’s offense did not cause personal injuries is not a valid reason for departure).
 

 [2]
 

 . We acknowledge that the Order of Enhancement designates the defendant as a habitual felony offender, but does not sentence him as such.