WOLF, J.
 

 The State appeals the trial court’s imposition of a downward departure sentence. The trial court failed to file written reasons for departure; therefore, the sentence may be affirmed only if the trial court orally provided valid reasons for departure.
 
 See Pease v. State,
 
 712 So.2d 374, 374 (Fla.1997).
 

 Here, the trial court orally stated it was downwardly departing because it found appellee was amenable to drug rehabilitation. However, “drug rehabilitation ... does not constitute a valid legal ground for a downward departure sentence;” therefore, a departure sentenced based on this reason cannot be affirmed.
 
 State v. Owens,
 
 848 So.2d 1199, 1203 (Fla. 1st DCA 2003).
 
 See also
 
 § 921.0026(3), Fla. Stat. (2008) (“the defendant’s substance abuse or addiction ... does not, under any circumstances, justify a downward departure ....”); § 921.0026(2)(d), Fla. Stat. (2008) (providing as a valid ground for departure, “[t]he defendant requires specialized treatment ... that is unrelated to substance abuse or addiction. ...”).
 

 In
 
 Pope,
 
 the supreme court found “when the initial reasons [for departure] had been reversed by an appellate court,” or “when an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with
 
 no possibility of departure from the guidelines.” Pope v. State,
 
 561 So.2d 554, 556 (Fla.1990) (emphasis added) (citing
 
 Shull v. Dugger,
 
 515 So.2d 748 (Fla.1987)).
 
 See also Owens,
 
 848 So.2d at 1203 (reversing and remanding for resentencing without departure);
 
 Jerry v. State,
 
 19 So.3d 1167 (Fla. 1st DCA 2009) (reversing and remanding for resentencing within the guidelines where the trial court’s reasons for downward departure were invalid);
 
 State v. Dunn,
 
 9 So.3d 666 (Fla. 1st DCA 2009) (reversing and remanding for resen-tencing within the guidelines where the trial court failed to provide reasons for departure). Therefore, we reverse and remand for resentencing within the guidelines.
 
 [1]
 

 Appellee argues that on remand the trial court may again impose a departure sentence, relying on several recent cases from the Third District permitting resentencing outside of the guidelines where a downwardly departing sentence is reversed for lack of written reasons.
 
 See State v. Williams,
 
 20 So.3d 419 (Fla. 3d DCA 2009) (reversing and remanding “for resentenc-ing, to include written reasons” for downward departure);
 
 State v. Davis,
 
 997 So.2d 1278, 1279 (Fla. 3d DCA 2009) (reversing a downward departure sentence for lack of
 
 *819
 
 written reasons, finding on remand “[tjhis ruling does not preclude the imposition of a sentence that departs from the sentencing guidelines....”);
 
 State v. Berry,
 
 976 So.2d 645, 645 (Fla. 3d DCA 2008) (noting a downward departure sentence without valid reason for departure must be remanded for resentencing within the guidelines, but finding “[t]he defendant suggests there is a valid reason for departure” which “can be raised in the trial court on remand”). The Third District gave no reason for allowing the trial court a second opportunity to depart from the guidelines. We certify conflict with
 
 Williams, Berry,
 
 and
 
 Davis,
 
 to the extent they conflict with this opinion.
 

 Reversed and remanded for resentenc-ing within the guidelines.
 

 HAWKES, C.J., and WETHERELL, J., concur.
 

 [1]
 

 . We note appellee's cross-appeal in which he asserted the trial court erred in finding it lacked jurisdiction to consider his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b), requesting the trial court enter written reasons for departure. However, given our disposition in this case, this issue is moot.
 
 See State
 
 v.
 
 Cantrell,
 
 872 So.2d 949 (Fla. 5th DCA 2004).