STEVENSON, J.
 

 Jorge Alonso was charged with and entered a nolo contendere plea to robbery with a deadly weapon. Alonso’s lowest permissible sentence was forty-eight months in prison. Pursuant to section 921.0026(2)0), Florida Statutes (2007), which provides “[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse,” the trial court imposed a downward departure sentence of two years of community control, followed by three years of probation. We find the trial court’s determination that the offense was unsophisticated is not supported by competent substantial evidence and reverse.
 

 A decision to impose a downward departure is a two-step process.
 
 State v. Jerry,
 
 19 So.3d 1167, 1169 (Fla. 1st DCA 2009) (citing
 
 State v. Owens,
 
 848 So.2d 1199, 1201 (Fla. 1st DCA 2003)). First, the trial court must determine whether it
 
 can
 
 depart, i.e., whether there is a valid legal ground and adequate factual support.
 
 Id.
 
 (citing
 
 Banks v. State,
 
 732 So.2d 1065, 1067 (Fla.1999)). If a valid ground exists and it is adequately supported by the record, then the sentencing court proceeds to the second step where it must determine whether it
 
 should
 
 depart, i.e., whether departure is the best sentencing option for the defendant.
 
 Id.
 
 (citing
 
 Banks,
 
 732 So.2d at 1068).
 

 In the instant case, on appeal, the State contested only whether the trial court could depart, asserting that there was not competent substantial evidence to support a finding of unsophistication. Alonso drove the get-away car after his masked codefendant robbed, at knifepoint, a store manager, leaving work for the night. Two witnesses to the robbery saw the license plate number on the get-away car, so police were able to apprehend Alonso and his codefendant, who both gave detailed confessions. At sentencing, Alonso admitted knowing his codefendant was wearing a mask during the robbery but denied knowing he had a knife. Alonso also admitted driving the get-away car, which contained a pair of walkie-talkies that the men planned to, but never used, in the robbery.
 
 *267
 
 He admitted to storing the contraband taken from the victim in a safe at his home upon his eodefendant’s request.
 

 Because Alonso knew that his code-fendant wore a mask and the men possessed and intended to use walkie-talkies, we cannot agree with the trial court that the offense was unsophisticated.
 
 See Staffney v. State,
 
 826 So.2d 509, 512 (Fla. 4th DCA 2002) (using the phrase “ ‘artless, simple and not refined’” to define unsophisticated (quoting
 
 State v. Merritt,
 
 714 So.2d 1153, 1154 n. 3 (Fla. 5th DCA 1998))). Though we hold that Alonso does not qualify for a departure under subsection (j), the defense supported its motion for a downward departure by contending that Alonso also qualified under sections 921.0026(2)(b) and (e). Because the trial court never specifically made a ruling as to these alternative grounds submitted by the defense, the trial court may consider them in resentencing Alonso.
 

 Reversed and remanded for resentenc-ing.
 

 WARNER and POLEN, JJ., concur.