VILLANTI, Judge,
Concurring specially in part and dissenting in part.
I fully concur in the majority’s decision to affirm the denial of a downward departure sentence pursuant to section 921.0026(2)(c). However, I respectfully dissent as to the portion of the opinion reversing Kezal’s sentence and remanding for reconsideration of the departure reason listed in subsection (2)(j) because I believe the majority misreads the trial court’s ruling on the applicability of that section. From my reading of the transcript of the entire sentencing hearing, I believe it is clear that the trial court understood that it had the authority to depart under subsection (2)(j) but found that Kezal had failed to prove that she committed her offenses in an unsophisticated manner. Accordingly, I would affirm.
This case involves a tragic situation in which Kezal, while driving under the influence of multiple drugs, drove through an intersection and collided with another car, killing her own four-year-old daughter and severely injuring the driver of the other car. A post-accident drug test showed that Kezal had methamphetamine, amphetamine, oxazepam, cannabis, and cocaine in her system at the time of the accident. These drugs, rather than the more traditional alcohol, formed the basis of the DUI charges at issue in this case.
After Kezal pleaded guilty to two of the three charges against her, the court held a sentencing and departure hearing. The court accepted Kezal’s guilty plea, heard testimony from several individuals, and then turned to Kezal’s request for a downward departure from the minimum sentence of 145.5 months under the Criminal Punishment Code. After rejecting the other possible statutory departure reasons, the court addressed subsection (2)(j), which permits a downward departure from the minimum sentence if the defendant has committed the offense in an unsophisticated manner and shown remorse and if the offense is an isolated incident.
The court first announced that it had no problem finding that Kezal had shown remorse and that the offense was an isolated incident. Turning to the unsophisticated manner element, the court asked Kezal’s counsel, “what exactly does that mean in this context?” Counsel’s response was that the court should look to “a pattern of conduct” by the defendant to determine whether the offense was committed in an “unsophisticated manner.” When the court pointed out that a pattern of conduct would determine whether the offense was an isolated one, not an unsophisticated one, defense counsel argued that it should be considered as to both and added that the court should also consider the “level of planning” that went into the offense in determining the “unsophisticated” element. In response, the State pointed out that Kezal had used drugs in the past and knew their effects on her body and mind. Nevertheless, she got in the car with her four-year-old daughter and drove to McDonald’s to get dinner. The State’s implication was that the incident involved either a degree of knowledge of the risk associated with driving under the influence of these illicit drugs or a callous disregard for the safety of others. In either event, it could not be said the offense was committed in an “unsophisticated manner”; only that the offense itself could be considered unsophisticated.
After considering these arguments, the court rejected Kezal’s claim for a down *258 ward departure sentence under subsection (2)(j). Contrary to facts stated in the majority’s opinion, the court did not find that Kezal had committed the offense in an unsophisticated manner. Instead, the court stated that it believed that DUI manslaughter was an “inherently unsophisticated offense” because “nobody sets out to do this.” It then denied Kezal’s request for a downward departure and sentenced her to the minimum sentence permissible under the Code.
A fair reading of the transcript of the entire sentencing hearing leads me to believe that the trial court fully understood that it had the authority to depart downward under subsection (2)(j) if Kezal could convince the court that she committed the DUI manslaughter offense in an unsophisticated manner. It is clear that the trial court’s position was that it was not enough for Kezal to simply admit that she had committed an inherently unsophisticated offense. If that were the ease, as the court noted, this departure reason would apply to every first DUI manslaughter conviction. Instead, the trial court’s position was that Kezal was required to prove that something specific about the way she committed the offense at issue demonstrated that she had committed it in an unsophisticated manner, i.e., that there was some articulable way in which her offense was committed in a more artless, more simple, and less refined manner than other first-time DUI manslaughter offenses. See State v. Alonso, 31 So.3d 265, 267 (Fla. 4th DCA 2010) (citing State v. Merritt, 714 So.2d 1153, 1154 n. 3 (Fla. 5th DCA 1998), to define the term “unsophisticated” as “artless, simple and not refined”). When Kezal failed to do this, the trial court rejected her request for a downward departure.
The majority’s conclusion that the court expressed its view that it did not have the legal authority to depart is not supported by the transcript. It is abundantly clear to me from the transcript of the entire sentencing hearing that the trial court fully understood its options and simply did not find a departure sentence appropriate for Kezal on any statutory ground. See Banks v. State, 732 So.2d 1065, 1068 (Fla.1999) (holding that if there is a legal basis for departure, the trial court must then “determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case” and that this decision “is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion”). In my view, the transcript clearly demonstrates that the court recognized its authority to depart downward and elected not to exercise its discretion to do so. I can, therefore, find no error or abuse of discretion in either Kezal’s sentence or the sentencing process. Hence, I would affirm her sentences in all respects.