LABARGA, J.
This case is before the Court for review of the decision of the First District Court of Appeal in State v. Jackson, 22 So.3d 817 (Fla. 1st DCA 2009). The First District certified that its decision is in direct conflict with the decisions of the Third District Court of Appeal in State v. Williams, 20 So.3d 419 (Fla. 3d DCA 2009), State v. Davis, 997 So.2d 1278 (Fla. 3d DCA 2009), and State v. Berry, 976 So.2d 645 (Fla. 3d DCA 2008). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
The case under review concerns the re-sentencing of Bradley James Jackson (“Jackson”) under the Criminal Punish *91 ment Code (“CPC” or “the Code”). As explained below, Jackson pled guilty to two noncapital offenses in 2008. Following a sentencing hearing, the trial court imposed a downward departure sentence, which was reversed on appeal because the trial court failed to file written reasons for the original departure sentence and the oral reason it provided at sentencing was determined to be invalid. The issue before this Court is whether an appellate court that reverses the imposition of a downward departure sentence must remand for resentencing within the CPC, or whether it may remand for resentencing outside of the CPC. We conclude that on remand for resentencing a trial court is permitted to impose a downward departure when the trial court finds a valid basis for departure as prescribed under the Code. We therefore quash the decision of the First District in Jackson and approve the decisions rendered by the Third District in Williams, Davis, and Berry to the extent that they are consistent with our analysis and holding.
FACTS AND PROCEDURAL HISTORY
Jackson, who was forty-two years old at the time, was charged by information with one count of sale or delivery of cocaine and one count of possession of less than twenty grams of cannabis in April 2008. At sentencing, Jackson tendered and the trial court accepted a guilty plea to both counts. After the State requested the imposition of an eight-year prison sentence for the sale of cocaine, the trial court found that the defendant had requested assistance and was amenable to rehabilitation, and stated orally that it would impose a downward departure sentence on that basis. The State objected to the court’s decision to impose a downward departure and to the reasons given for the departure. The court sentenced Jackson to concurrent terms of nine months to be served in county jail and ordered a total of seventy-two days as credit for time served. According to the CPC score sheet, the sentencing points totaled 46.6 and called for a sentencing range of 13.95 months’ to fifteen years’ imprisonment.
The State appealed the trial court’s imposition of a downward departure sentence to the First District. On appeal, the First District concluded that because the trial court failed to file written reasons for departure, the sentence could be affirmed only if the trial court orally provided valid reasons for departure. Jackson, 22 So.3d at 818. The district court concluded further that the ground provided orally for the downward departure — that Jackson was amenable to drug rehabilitation — was not valid. Id. (citing § 921.0026(3), Fla. Stat. (2008); State v. Owens, 848 So.2d 1199, 1203 (Fla. 1st DCA 2003)). The district court consequently reversed the downward departure sentence and remanded for resentencing with specific directions that the sentence be within the guidelines. Id.[1]
The First District certified conflict with three decisions rendered by the Third District — State v. Williams, 20 So.3d 419 (Fla. 3d DCA 2009), State v. Davis, 997 So.2d 1278 (Fla. 3d DCA 2009), and State v. Berry, 976 So.2d 645 (Fla. 3d DCA 2008)— which permitted a trial court, upon remand, to resentence a defendant outside of the guidelines where the downward depar *92 ture sentence was reversed for lack of written reasons. Jackson, 22 So.3d at 818-19.
ANALYSIS
The conflict in this case centers on whether a trial court is precluded from imposing a departure sentence on remand when the original departure sentence was reversed on appeal because the trial court failed to file its written reasons for imposing the departure and the oral reason provided was determined to be invalid. This issue presents a legal question and thus is subject to de novo review. See Sanders v. State, 35 So.3d 864, 868 (Fla.2010).
The CPC governs sentencing in all non-capital felonies committed on or after October 1, 1998. See § 921.002, Fla. Stat. (2008). Florida Rule of Criminal Procedure 3.704 implements the CPC. Jackson committed the aforementioned offenses on April 11, 2008, thus subjecting him to sentencing under the CPC. Generally, a trial court must impose, at a minimum, the lowest permissible sentence calculated according to the CPC unless there is a valid reason to impose a downward departure sentence. See § 921.0024(2), Fla. Stat. (2008). For noncapital offenses committed on or after October 1, 1998, “[t]he lowest permissible sentence provided by calculations from the total sentence points pursuant to s. 921.0024(2) is assumed to be the lowest appropriate sentence for the offender being sentenced.” § 921.00265(1), Fla. Stat. (2008).
A departure sentence is one that “decreases an offender’s sentence below the lowest permissible sentence” provided by calculations from the total sentence points. § 921.00265(2), Fla. Stat. (2008); see also Fla. R.Crim. P. 3.704(d)(27)(A). A trial court must not impose a downward departure sentence unless mitigating circumstances or factors are present which reasonably justify such a departure. §§ 921.0026(1), 921.00265(1), Fla. Stat. (2008); Fla. R.Crim. P. 3.704(d)(27). Section 921.0026(2) sets forth a nonexclusive list of mitigating factors under which a departure from the lowest permissible sentence is reasonably justified. § 921.0026(2), Fla. Stat. (2008).
Prior sentencing schemes required a trial court to provide a contemporaneous written explanation for the imposition of any departure sentence at a sentencing hearing. See § 921.001(6), Fla. Stat. (1987); see also Ree v. State, 565 So.2d 1329, 1331 (Fla.1990), receded from on other grounds by Smith v. State, 598 So.2d 1063 (Fla.1992). However, the CPC and applicable rules now require a sentencing court to file written reasons supporting the imposition of a downward departure sentence within seven days after the date of sentencing. § 921.00265(2); see also Fla. R.Crim. P. 3.704(d)(27)(A). A court may file a written transcription of reasons stated orally at sentencing for a downward departure within seven days after the date of sentencing. § 921.00265(2); see also Fla. R.Crim. P. 3.704(d)(27)(A). A court may also list its written reasons for departure in the space allotted on the CPC score sheet. See Fla. R.Crim. P. 3.704(d)(27)(A).
The CPC is silent on how a trial court must resentence a defendant when the original departure sentence is reversed on appeal. However, the Legislature has expressed certain principles embodied by the CPC. See § 921.002(1). Among these principles is the notion that
[departures below the lowest permissible sentence established by the code must be articulated in writing by the trial court judge and made only when circumstances or factors reasonably justify the mitigation of the sentence. The level of proof necessary to establish facts that support a departure from the *93 lowest permissible sentence is a preponderance of the evidence.
§ 921.002(1)®, Fla. Stat. (2008). Based on our reading of the legislative scheme, nothing within the CPC precludes the imposition of a downward departure sentence on resentencing following remand. To be sure, if a trial court on remand resen-tences a defendant to a downward departure sentence, the trial court must ensure it comports with the principles and criteria prescribed by the Code. However, an appellate court should not preclude a trial court from resentencing a defendant to a downward departure if such a departure is supported by valid grounds.
Having resolved the conflict presented before this Court, we decline to address the remaining issues raised by Jackson.
CONCLUSION
Based on the foregoing, we quash the decision of the First District in State v. Jackson, 22 So.3d 817 (Fla. 1st DCA 2009), and approve the opinions rendered by the Third District in State v. Williams, 20 So.3d 419 (Fla. 3d DCA 2009), State v, Davis, 997 So.2d 1278 (Fla. 3d DCA 2009), and State v. Berry, 976 So.2d 645 (Fla. 3d DCA 2008), to the extent that they are consistent with our holding.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.

. As we explain in our analysis, this case is governed by the CPC. Courts throughout the state continue to use the phrase "sentencing guidelines” when clearly referring to the CPC. Consequently, this opinion will use the phrase "sentencing guidelines” wherever the district courts have used the term in pertinent case law. We will refer to the CPC wherever appropriate.