HAZOURI, J.
We sua sponte withdraw our previously issued opinion and substitute the following in its place.
The State of Florida appeals from a downward departure sentence imposed upon Wilson Lazier. We reverse and remand for resentencing.
Lazier was charged by information with the purchase of cocaine and resisting an officer without violence. Initially Lazier pled not guilty, but pursuant to a negotiated plea, he entered a guilty plea to the purchase of cocaine. The resisting charge was dismissed. Lazier was sentenced to eighteen months probation. The guidelines scoresheet for Lazier showed he scored 84.2 months as the lowest permissible sentence with a fifteen year maximum sentence.
An Affidavit of Violation of Probation was filed against Lazier charging him with failing to report; failing to remain at liberty without violating the law by operating a motor vehicle with an expired registration of more than six months; driving a vehicle with an unassigned tag; and failing to live and remain at liberty without violating the law by committing a simple battery.
A hearing on the violation of probation was held and the trial court found Lazier to have violated his probation by failing to report and downwardly departed from the guidelines in sentencing him to six months in the Palm Beach County Jail. The State objected and asked for a written order stating the reasons why the court downwardly departed. The trial court failed to enter an order with written reasons for the downward departure.
In determining to downwardly depart, the court orally stated:
Because of the nature of the violation I am going to downwardly depart from the Guidelines. I don’t think he’s a probation candidate. I don’t think that’s going to do him any good; but I am going to downwardly depart from the Guidelines and sentence him to six months in the Palm Beach County Jail.
*904 The State argues that the trial court failed to submit a written basis for departure and that its oral basis for departure was not a valid reason for departure under section 921.0026(2), Florida Statutes (2009).
Lazier concedes that written reasons are required and that the decision should be reversed. However, Lazier argues that because his attorney indicated three possible bases for a downward departure sentence at sidebar and the trial court indicated an intention to depart downward, this court should remand for a re-sentencing hearing at which the trial court should be permitted to depart if it finds a legally sufficient reason to do so. We agree. See Jackson v. State, — So.3d —, 2011 WL 536429 (Fla.2011).

Reversed and Remanded With Directions.

DAMOORGIAN and GERBER, JJ., concur.