HAZOURI, J.
We agree with the state that the court erred in imposing a downward departure sentence without providing written reasons as required by section 921.00265(2), Florida Statutes (2010), and Florida Rule of Criminal Procedure 3.704(d)(27)(A). We reverse and remand for resentencing.
Kolodz pled guilty to violation of probation and a new offense. At his sentencing, he presented two statutory grounds for a downward departure sentence. The trial court explicitly rejected both grounds. The Criminal Punishment Code (“CPC”) called for a minimum sentence of 46.5 months. For some inexplicable reason, the trial court sentenced Kolodz to 42 months. The court did not provide oral or written reasons for the departure.
Upon pronouncing the sentence, the trial court inquired as to any objections. The following colloquy occurred:
Assistant State Attorney: Yes, Your Honor. You stated that you did not want to depart and that there wasn’t a basis. The State provided a score sheet where he scores 46.5 months.
The Court: Right.
Assistant State Attorney: I thought you said ...
The Court: Well, appeal me for a four month downward sentence, go right ahead.
We are at a loss as to why the court would invite a needless appeal rather than simply provide valid written reasons for a departure or impose a sentence within the CPC.
Contrary to the state’s contention, the trial court is not limited to a sentence ■within the CPC upon remand. The court may depart downward again if it has valid written reasons to do so. See Jackson v. State, 64 So.3d 90 (Fla.2011). Otherwise, the court must impose a sentence within the CPC.
We do not address the state’s second point on appeal, which is rendered moot by our decision.

Reversed and Remanded.

MAY, C.J., and DAMOORGIAN, J., concur.