TAYLOR, J.
The State of Florida appeals the sentences the defendant received following his open plea to a violation of probation in Case Number 08-9139CF10A and to the substantive new law violations charged in Case Number 11-1684CF10A. Over the state’s objection, the trial court used two separate seoresheets when it sentenced the defendant for both cases. We reverse.
Under the Criminal Punishment Code, a single scoresheet must be prepared to determine the permissible sentencing range that the court may impose on a defendant, unless the defendant is before the court for sentencing for more than one felony and the felonies were committed under more than one version of the sentencing guidelines. See § 921.0024(3), Fla. Stat. (2010); see also Fla. R. Crim. P. 3.703(d)(2) (2010) (“One scoresheet shall be prepared for all offenses committed under any single version or revision of the guidelines, pending before the court for sentencing.”). Accordingly, where all of the defendant’s offenses fall under the same version of the sentencing guidelines, it is error for a trial judge to use more than one scoresheet to calculate the defendant’s sentences. See State v. Miller, 743 So.2d 141, 141 (Fla. 4th DCA 1999).
Here, over the prosecutor’s objection, the trial court stated that it would “split” the scoresheet. The defendant then entered into an open plea, accepting the trial court’s offer of concurrent sentences of 24 months in prison with credit for time served. However, because the defendant’s offenses all fell under the same version of the sentencing guidelines, the trial court erred in sentencing the defendant using two separate seoresheets. The resulting sentences were a departure from the lowest permissible sentences that would have been mandated had the court properly used a single scoresheet. Thus, the trial court erred by sentencing the defendant to what amounted to a departure sentence for both cases without providing written reasons for the departure.
We reverse and remand with instructions that the trial court resentence the defendant using a single scoresheet for both of the defendant’s cases. However, *303 nothing in this opinion precludes the trial court from imposing a downward departure sentence on remand if the court provides valid written reasons for the departure, and if those reasons are supported by competent substantial evidence in the record. See, e.g., State v. Kolodz, 79 So.3d 117, 117 (Fla. 4th DCA 2012) (reversing departure sentence where trial court, over the state’s objection, did not provide oral or written reasons for the departure, but stating that on remand the trial court “may depart downward again if it has valid written reasons to do so”).

Reversed and Remanded.

MAY, C.J., and CONNER, J., concur.