PER CURIAM.
Appellant, the State of Florida, challenges a downward departure sentence imposed upon Appellee, Laurie Ann Chapman, pursuant to section 921.0026(2)0), Florida Statutes (2011). We agree with the State’s argument that the sentence was invalid because the trial court did not find that the escape offense committed by Appellee was an isolated incident, but instead acknowledged that Appellee had “been in the system before.” See State v. Adkison, 56 So.3d 880, 883 (Fla. 1st DCA 2011) (“The plain language of section 921.0026(2)0) indicates departure is warranted if three elements are established: (1) The offense must be committed in an unsophisticated manner; (2) The offense constitutes an isolated incident; and (3) The defendant must show remorse. Record evidence must exist to find each of these elements.”) (emphasis in original); see also State v. Holmes, 994 So.2d 507, 508 (Fla. 3d DCA 2008) (holding that the downward departure sentence imposed pursuant to section 921.0026(2)0) was improper where the trial court did not find that the charged crimes constituted isolated incidents and were committed in an unsophisticated manner).
We note also that a finding of an isolated incident could not have been made in this case given Appellee’s prior criminal convictions, which included numerous felonies and misdemeanors. See State v. Leverett, 44 So.3d 634, 637 (Fla. 5th DCA 2010) (holding that the home invasion at issue was not an isolated incident under section 921.0026(2)(j) where the appellee had a prior record that included a felony conviction for possession of cocaine and misdemeanor convictions for possession of marijuana, possession of drug paraphernalia, and trespass); State v. Gaines, 971 So.2d 219, 220-21 (Fla. 4th DCA 2008) (holding that the appellee’s offenses of fleeing or attempting to elude a marked police car, possession of cocaine, and habitual driving with a revoked license were not isolated incidents under section 921.0026(2)(j) where the appellee had eighteen prior convictions); State v. Deleon, 867 So.2d 636, 637 (Fla. 5th DCA 2004) (vacating the appellee’s downward departure sentence because the trial court failed to find that the appellee’s offenses of sale and possession of cocaine constituted isolated instances and that the appellee was remorseful and noting that the incidents could not have been deemed isolated where the appellee’s scoresheet reflected four third-degree felonies, one second-degree felony, and various misdemeanors). We, therefore, reverse Appellee’s sentence *557 and remand for resentencing. See Jackson v. State, 64 So.3d 90 (Fla.2011).
REVERSED and REMANDED for re-sentencing.
LEWIS, C.J., MARSTILLER and OSTERHAUS, JJ., concur.