SWANSON, J.,
concurring.
I concur in the decision to reverse the trial court’s downward departure sentence and to remand for resentencing. The trial court’s oral reasons for departing from the lowest permissible sentence were either legally invalid or not based on competent and substantial evidence in the record, as Judge Wetherell’s opinion explains. I write to emphasize that on remand the law does not preclude the trial court from imposing a downward departure sentence if it provides a legally valid basis to do so which is supported by the record. As the Florida Supreme Court ruled in Jackson v. State, 64 So.3d 90 (Fla.2011):
*1205 Based on our reading of the legislative scheme, nothing within the [Criminal Punishment Code] precludes the imposition of a downward departure sentence on resentencing following remand. To be sure, if a trial court on remand resen-tences a defendant to a downward departure sentence, the trial court must ensure it comports with the principles and criteria prescribed by the Code. However, an appellate court should not preclude a trial court from resentencing a defendant to a downward departure if such a departure is supported by valid grounds.
Id. at 93.[6]

. Just recently, in Bryant v. State, 148 So.3d 1251, 39 Fla. L. Weekly S591 (Fla. Oct. 9, 2014), the Florida Supreme Court described Jackson as being a “narrowly tailored decision” limited to instances where the trial court imposes a downward departure sentence under the Criminal Punishment Code, which does not contemplate upward departure sentences because, generally, the statutory maximum sentence is the highest possible sentence for any crime. 148 So.3d at 1257, 39 Fla. L. Weekly at S593. In Bryant, however, the supreme court reviewed the propriety of an upward departure sentence sanctioned by section 775.082(10), Florida Statutes, but which was imposed by the trial court without the court’s making any written findings to support the upward departure. In such a case, the supreme court ruled its earlier decisions in Pope v. State, 561 So.2d 554 (Fla. 1990), and Shull v. Dugger, 515 So.2d 748 (Fla.1987), still applied to preclude the trial court, oh remand, from again imposing a departure sentence.