# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1235
_____

STATE OF FLORIDA,

Appellant,

v.

DAREL W. DOUGHERTY,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Robert R. Wheeler, Judge.

February 28, 2019

PER CURIAM.

The State appeals the imposition of a downward departure sentence after Appellee was convicted of 137 counts naming the following offenses: aggravated white-collar crime; grand theft (over $100,000); organized scheme to defraud; criminal use of personal identification information ($50,000 or more); criminal use of personal identification information; and 132 counts of uttering a forged instrument. Because the trial court did not provide any valid legal reason for departure that was supported by competent, substantial record evidence, we reverse and remand for resentencing. *See State v. Adkison*, 56 So. 3d 880 (Fla. 1st DCA 2011); *Demoss v. State*, 843 So. 2d 309, 311 (Fla. 1st DCA 2003) (citing *Banks v. State*, 732 So. 2d 1065, 1067 (Fla. 1999)).

REVERSED and REMANDED for further proceedings.

B.L. THOMAS, C.J., and JAY, J., concur; BILBREY, J., concurs with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

BILBREY, J., concurring.

I fully concur in the majority's holding that the downward departure sentence was not supported by competent, substantial evidence and must therefore be reversed and remanded for resentencing. I write separately to note that, so long as supported by the Criminal Punishment Code, nothing "precludes the imposition of a downward departure sentence on resentencing following remand." *Jackson v. State*, 64 So. 3d 90, 93 (Fla. 2011). To the extent that our previous cases hold otherwise, they have been overruled by *Jackson*.

_____

Ashley B. Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellant.

Joseph C. Bodiford and Gannon M. Coens of Bodiford Law, P.A., Tallahassee, for Appellee.