EVANDER, J.
 

 Jeffrey Goldberg was convicted, after a jury trial, of grand theft from a person sixty-five years of age or older of property valued between $800 and $10,000.
 
 [1]
 
 He appeals the trial court’s imposition of a three-year prison sentence where he scored less than twenty-three points on his sentencing scoresheet and the trial court failed to make written findings that a non-state prison sanction could present a danger to the public. We reverse.
 

 Section 775.082(10), Florida Statutes (2009) provides:
 

 If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer,
 
 the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.
 

 (Emphasis added).
 

 The State does not dispute that under section 775.082(10), Goldberg was entitled to a nonstate prison sanction unless the court made written findings, supported by competent evidence, that imposition of a nonstate prison sentence could present a danger to the public.
 

 The facts presented at trial show that Goldberg, while working as an operating room nurse, stole jewelry from an elderly patient. At the sentencing hearing, the trial court understandably focused on
 
 *1074
 
 Goldberg’s reprehensible conduct of stealing from an incapacitated patient:
 

 Well, I mean, the Court thinks that this is pretty serious, you know, when you take the ring off somebody who is incapacitated or take — you are in their environment. You are right there next to them. It is like burglarizing somebody’s home....
 

 And you make the nursing profession look bad because a person in a nursing environment generally is under the complete control of those around them and you took advantage of a situation. And therefore, I think, you know, I have got to punish you to this extent.
 

 However, the trial judge made no pronouncement as to whether a nonstate prison sanction could present a danger to the public and the written sentencing order similarly failed to address this issue.
 

 While this appeal was pending, Goldberg filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that because the court failed to make contemporaneous written findings that a nonstate prison sanction could present a danger to the community, the sentence should be corrected to a nonstate prison sanction. In response, the trial court entered an “Order Granting Departure Sentence from Sentencing Guidelines.” The order reiterated the rationale for a prison sentence given by the trial court at the sentencing hearing, but again failed to include findings that the imposition of a nonstate prison sanction could present a danger to the public.
 

 The trial court may well have been able to correct its initial failure to make the necessary written findings required by section 775.082(10) by doing so in response to Goldberg’s rule 3.800(b)(2) motion.
 
 See, e.g., Mandri v. State,
 
 813 So.2d 65 (Fla. 2002) (trial court’s failure to file written reasons in support of guidelines departure sentence was harmless error corrected by court’s filing of written reasons in response to motion for correction of sentence). However, it failed to do so. On remand, the trial court must sentence Goldberg to a nonstate prison sanction.
 

 REVERSED and REMANDED for re-sentencing.
 

 ORFINGER, C.J. and SAWAYA, J., concur.
 

 [1]
 

 . § 812.0145(2)(c), Fla. Stat. (2009).