DAVIS, Judge.
Reginald Bryant challenges his conviction and sentence for felony petit theft. Because the trial court did not make certain statutorily required written findings when sentencing Bryant, we reverse his sentence and remand for resentencing.
The ■ State originally charged Bryant with robbery and felony petit theft, but the jury returned a verdict of guilty of the lesser included charge of petit theft in count one and guilty of petit theft as charged in count two. The trial court sentenced Bryant to time served in count one and to five years’ incarceration on count two.[1]
On appeal, Bryant argues that because his guidelines scoresheet score was 17.1 sentencing points, his five-year sentence was an upward departure for which the trial court should have provided valid written departure reasons but did not. Bryant preserved this argument in a Florida Rule of Criminal Procedure 3.800(b)(2) motion, which was orally denied below.
Section 775.082(10), Florida Statutes (2009), provides as follows:
If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a non[-]state prison sanction. However, if the court makes mitten findings that a non[-]state prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.
(Emphasis added.) See also Fla. R.Crim. P. 3.704(d)(29) (“If the total sentence points equal 22 or less, the court must sentence the offender to a non[-]state prison sanction unless it makes written findings that a non[-]state prison sanction *383 could present a danger to the public.” (emphasis added)).
Here, the parties agree and the record indicates that the trial court sentenced Bryant to a five-year prison sentence— despite the fact that he only scored 17.1 sentencing points — without making any written findings to support the upward departure. The State, however, argues that the record supports a finding that sentencing Bryant to a non-state prison sentence would have presented a pecuniary danger to the public based on his prior record, which includes several theft convictions.
We agree with the State that the “danger to the public” contemplated by section 775.082(10) may be a pecuniary one. See McCloud v. State, 55 So.3d 643, 644 (Fla. 5th DCA 2011) (“While McCloud may not be a physically violent offender, he is apparently willing to steal anything and everything. We believe that ‘danger may, at least in some cases, encompass pecuniary or economic harm.’ ” (quoting United States v. Reynolds, 956 F.2d 192, 192-93 (9th Cir.1992))). We also agree that the instant record indicates that such was the basis for the trial court’s imposition of a prison sanction here. However, the plain language of the statute requires the trial court to make “‘written findings that a non[-]state prison sanction could present a danger to the public” before it “may sentence the offender to a state correctional facility.” § 775.082(10) (emphasis added). And the trial court failed to do so here.
As such, we reverse Bryant’s sentence and remand for resentencing, at which the trial court may again impose a prison sanction if it makes the proper written findings. See generally State v. Collins, 985 So.2d 985, 989 (Fla.2008) (reversing habitual felony offender designation, remanding for resentencing, and explaining “that a resentencing must proceed as an entirely new proceeding and that a resentencing should proceed de novo on all issues bearing on the proper sentence” (citation omitted) (internal quotation marks omitted)). We note that this is not a case in which the trial court provided reasons for a departure sentence that on appeal were determined to be invalid departure reasons. See Shull v. Dugger, 515 So.2d 748, 750 (Fla.1987) (“[A] trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court.”). Rather, the trial court failed to specify in writing its reasons for departing. As such, “the underlying reason for [the] decision in Shull — preventing after-the-fact justifications for a previously imposed departure sentence — is not implicated here.” Collins, 985 So.2d at 992.
Finally, we recognize that in Goldberg v. State, 76 So.3d 1072, 1074 (Fla. 5th DCA 2011), the Fifth District stated as follows:
The trial court may well have been able to correct its initial failure to make the necessary written findings required by section 775.082(10) by doing so in response to Goldberg’s rule 3.800(b)(2) motion. However, it failed to do so. On remand, the trial court must sentence Goldberg to a non[-]state prison sanction.
(Citation omitted.) To the extent that our opinion here conflicts with Goldberg, we certify conflict.
Reversed and remanded.
KELLY and KHOUZAM, JJ., Concur.

. On appeal, Bryant does not raise any issues related to double jeopardy, and we have not considered any.