WARNER, J.
Appellant, Andrako Bradley, appeals his sentence to five years in prison following his no contest plea. Because the trial court failed to make written findings that a nonstate prison sanction could present a danger to the public, pursuant to section 775.082(10), Florida Statutes (2010), we reverse and remand for resentencing.
The state charged appellant with felony battery in violation of section 784.03(2). It alleged the commission of a battery by appellant together with the commission of a previous battery by him in 2005. Felony battery is a third degree felony, punishable by up to five years in prison. See § 775.082(3)(d), Fla. Stat. (2010). Appellant entered a plea, and was adjudicated guilty and sentenced to three years of probation. Subsequently, in 2011, appellant violated probation. Following a hearing, the court revoked appellant’s probation and immediately sentenced appellant to five years in prison. It is undisputed that appellant’s criminal scoresheet at the time of sentencing, including the violation of probation, totaled 12.8 points. After sentencing, appellant filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that his sentence violated section 775.082(10), which requires the court to sentence an offender to a nonstate prison sentence when the offender has not committed a forcible felony and whose sentencing points are 22 or fewer. The trial court did not rule on this issue within the time permitted by the rule, thus requiring us to review the issue through this appeal. See Fla. R. Crim. P. 3.800(b)(1)(B). We review the legality of appellant’s sentence de novo. Flowers v. State, 899 So.2d 1257, 1259 (Fla. 4th DCA 2005).
Section 775.082(10) sets forth the following rule regarding sentencing for offenders scoring less than 22 points:
*532 If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.
The list of “forcible felonies” in section 776.08, Florida Statutes (2010), does not specifically include battery. However, a catchall provision covers “any other felony which involves the use or threat of physical force or violence against any individual.”
Felony battery under section 784.03(2) requires that the state prove the elements of battery, which occurs when a person:
1. Actually and intentionally touches or strikes another person against the will of the other; or
2. Intentionally causes bodily harm to another person.
§ 784.08(l)(a), Fla. Stat. (2010). In addition, the state must prove that the defendant has a prior conviction for battery, aggravated battery, or felony battery. Id.
At issue is whether felony battery constitutes a forcible felony within the meaning of the statute. The supreme court addressed what was a forcible felony under an identical catch-all provision in section 776.08 in State v. Hearns, 961 So.2d 211, 213-14 (Fla.2007). In Hearns, the defendant was convicted of battery on a law enforcement officer (“BOLEO”). The state sought an enhanced sentence under the violent career criminal statute, which requires conviction of a forcible felony as defined by section 776.08, which “does not specifically list BOLEO, or even battery, as a qualifying offense.” Id. at 214.
Citing Perkins v. State, 676 So.2d 1310 (Fla.1991), the Hearns court held that “for an offense to be a forcible felony under section 776.08, the ‘use or threat of physical force or violence’ must be a necessary element of the crime.” Id. at 215. “If an offense may be committed without the use or threat of physical force or violence, then it is not a forcible felony.” Id.See also Perkins, 576 So.2d at 1313 (quoting § 776.08, Fla. Stat. (1987)) (“The statute does not say that a forcible felony is any felony that ‘may sometimes’ involve violence, or even a felony that ‘frequently does’ involve violence. Rather, the statute requires that the felony actually ‘involves the use or threat of physical force or violence against any individual.]’ ”).
Applying Hearns to this case, the felony battery alleged was based specifically and exclusively on appellant’s previous battery conviction, rather than on causing great bodily harm, permanent injury, or permanent disfigurement. Therefore, the only elements the state had to prove were: 1) that appellant committed a battery, and 2) that appellant was previously convicted of a battery. Because the crime requires only the commission of a battery, it does not involve a forcible felony, because otherwise “any intentional touching, no matter how slight, is sufficient to constitute a simple battery.” Hearns, 961 So.2d at 218-19. Battery does not require as an element physical force or violence against an individual. That felony battery, as charged against appellant, may sometimes or even frequently involve the use or threat of physical violence is insufficient to categorize felony battery under section 784.03(2) as a forcible felony.
The conclusion that appellant was not convicted of a forcible felony and scored *533 fewer than 22 points implicates the sentencing restriction in section 775.082(10). The statute requires the court to impose a nonstate prison sanction unless it makes written findings that such a sentence poses a danger to the public. See also Bryant v. State, 98 So.Sd 381 (Fla. 2d DCA 2012). (“[T]he plain language of the statute requires the trial court to make ‘written findings that a non[-]state prison sanction could present a danger to the public’ before it ‘may sentence the offender to a state correctional facility.’ ”). In Bryant, the court reversed and remanded for re-sentencing, at which time the trial court could make additional findings to support a prison sentence. Of note, the Second District certified conflict with Goldberg v. State, 76 So.3d 1072 (Fla. 5th DCA 2011). There, the court held that when the trial court fails to make written findings at the original sentencing hearing, the trial court could not make additional findings to depart from the nonstate prison sentence. Id. at 1074.
The trial court below did not make any written findings (or any findings for that matter) that a nonstate prison sanction could present a danger to the public. This was error, and we reverse and remand for resentencing. In line with Bryant, the trial court may consider whether a nonstate prison sentence would be a danger to the public, but it must make written findings to support its sentence. To the extent that this opinion conflicts with Goldberg, we also certify conflict.
CIKLIN and LEVINE, JJ., concur.