CANADY, J.,
dissenting.
Today, the Court reaffirms the unwarranted presumption of fictitiousness previously announced in Shull v. Dugger, 515 So.2d 748 (Fla.1987). Because the Court’s holding ignores our longstanding precedent regarding the de novo nature of re-sentencing and unjustifiably restricts the statutory discretion of Florida’s circuit court judges, I dissent.
Since the trial court here failed to enter the requisite “written findings” supporting imposition of the sentence to a state correctional facility under section 775.082(10), Florida Statutes, the district court was correct to reverse for a de novo resentenc-ing at which the trial court could again impose an upward departure sentence if the trial court supported the sentence with the statutorily required -written findings. Bryant v. State, 93 So.3d 381, 383 (Fla. 2d DCA 2012). There is no sensible reason that a sentencing judge’s error in this context should be beyond remedy. The judicial blunder at issue here should not preclude the sentencing judge on remand from protecting the public from a defendant who “could present[ ] a danger to the public.” § 775.082(10), Fla. Stat. (2009).
In remanding for de novo resentencing, the Second District Court of Appeal relied on our decision in State v. Collins, 985 So.2d 985 (Fla.2008). Although Collins involved a habitual offender sentence, this Court’s reasoning on de novo resentencing is applicable here. The district court in Collins reversed the defendant’s sentence because insufficient evidence supported the defendant’s habitual offender designation and remanded for resentencing, specifically disallowing the presentation of new evidence. Id. at 986. On review, this Court reiterated, “we have concluded that ‘resentencing entitles the defendant to a de novo sentencing hearing with the full array of due process rights.’ ” Id. at 989 (citing *1260 Trotter v. State, 825 So.2d 362, 367-68 (Fla.2002)). We concluded that “because a resentencing is a new proceeding, the court is not limited by the evidence originally presented.” Collins, 985 So.2d at 989.
More recently, in State v. Fleming, 61 So.3d 399, 406 (Fla.2011), we acknowledged that “this Court has long held that where a sentence has been reversed or vacated, the resentencings in all criminal proceedings, including death penalty cases, are de novo in nature.” See also Teffeteller v. State, 495 So.2d 744, 745 (Fla.1986) (stating that “resentencing should proceed de novo on all issues bearing on the proper sentence”). In resentencing proceedings, both the defendant and the State may present evidence, and the State must produce evidence to prove anew any sentencing factors established at the prior sentencing. Fleming, 61 So.3d at 406. Moreover, “the decisional law in effect at the time of the resentencing or before any direct appeal from the proceeding is final applies.” Id. at 407. Thus,
[t]he trial court has discretion at resen-tencing — within certain constitutional confines — to impose [a] sentence using available factors not previously considered. See [State v. Scott, 439 So.2d 219, 221 (Fla.1983) ] (“Nor has the plight of the trial court seeking to impose a new sentence been an easy one, fraught as it is with constitutional challenges and considerations of post-sentencing infractions which would allow a material increase in the sentence, pursuant to North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).”).
Id. at 406 (emphasis added); see Trotter, 825 So.2d at 368-69 (holding that trial court’s use at resentencing of a drug multiplier not applied in original sentence did not result in more severe sentence which would raise a presumption of vindictiveness).
In Bradley James Jackson v. State, 64 So.3d 90, 91 (Fla.2011), we addressed the question of whether at resentencing under the Criminal Punishment Code (CPC), a trial court could again impose a downward departure sentence if the court failed to enter the requisite written findings to support the original sentence. We noted that the CPC was “silent on how a trial court must resentence a defendant when the original departure sentence is reversed on appeal” and determined that “nothing within the CPC precludes the imposition of a downward departure sentence on resentencing following remand.” Id. at 92, 93. Although the sentence in the instant case was imposed under section 775.082(10), which concerns upward — not downward— departure sentences, the silence of the CPC regarding sentencing options on remand is as pertinent here as it was in Bradley James Jackson.
Despite the line of cases in which this Court held that resentencing was a de novo proceeding limited only by constitutional considerations, the Court dispenses with this principle here. In Shull, this Court surmised — without any evidence or findings of judicial wrongdoing — that where a trial court’s order contained no valid reasons for departure, the trial court could not hold a de novo resentencing hearing on remand and again impose a departure sentence because such a process “may needlessly subject the defendant to unwarranted efforts to justify the original sentence and also might lead to absurd results.” 515 So.2d at 750 (emphasis added). The Court repeated this baseless presumption in Pope v. State, 561 So.2d 554, 556 (Fla.1990), applying it to hold that where no reasons for departure were provided in writing, the trial court was prohibited from departing from the guidelines on remand. Contrary to Shull, it should not be presumed that judges will abuse their discretion by providing pretextual reasons *1261 to justify upward departure sentences on remand, any more than it should be presumed that judges will provide pretextual reasons for downward departures on remand.
Accordingly, I would uphold the decision of the Second District Court in Bryant and disapprove the decision of the Fifth District Court in Goldberg v. State, 76 So.3d 1072 (Fla. 5th DCA 2011).
POLSTON, J., concurs.