DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIAN SCOTT CHRISTY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1635

[June 29, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Darren Steele, Judge; L.T. Case No. 432013CF001080A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant, Brian Scott Christy, appeals his sentence of five years in prison following his conviction for a non-forcible, third degree felony. Because the trial court failed to make written findings that a nonstate prison sanction could present a "danger to the public," pursuant to section 775.082(10), Florida Statutes (2014), we reverse and remand for resentencing.

By way of background, Appellant was convicted of one count of knowingly giving false verification of ownership to a pawnbroker pursuant to section 539.001(8)(b)8.a., Florida Statutes (2013). Because Appellant was convicted of a non-forcible, third degree felony, and scored less than 22 points on his Criminal Punishment Code scoresheet, the trial court was required to make written findings that a nonstate prison sanction could pose a danger to the public before sentencing Appellant to a prison term. *See* § 775.082(10), Fla. Stat. The trial court, however, failed to make such written findings. This, as conceded by the State on appeal, was error.

In *Bryant v. State,* 148 So. 3d 1251, 1258 (Fla. 2014), the Supreme Court held that under section 775.082(10), a sentence in excess of a nonstate prison sanction constitutes an upward departure sentence. "'When an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines.'" *Id.* at 1256 (quoting *Pope v. State,* 561 So. 2d 554, 556 (Fla. 1990)).

Accordingly, we reverse and remand for the trial court to resentence Appellant to a nonstate prison sanction, consistent with section 775.082(10) and *Bryant.*

*Reversed and remanded.*

DAMOORGIAN, C.J., GERBER and FORST, JJ., concur.

\*     \*     \*