THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KENNETH J. TERRY,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2711

Opinion filed February 3, 2017.

An appeal from the Circuit Court for Escambia County.
Edward P. Nickinson, Judge.

Andy Thomas, Public Defender, and Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.

BILBREY, J.

Following the revocation of his community control, Appellant was sentenced to 18 months imprisonment for the underlying offense of felony battery, a third degree felony. § 784.03(2), Fla. Stat. (2015). Appellant now argues this

sentence is unlawful. Because the trial court did not make the statutorily required written findings, we agree.

Pursuant to section 775.082(10), Florida Statutes (2015), when a defendant, whose offense was committed on or after July 1, 2009, and whose scoresheet totals 22 points or less, is being sentenced for a non-forcible, third degree felony, then the trial court "must sentence the offender to a nonstate prison sanction" unless the trial court "makes written findings that a nonstate prison sanction could present a danger to the public." See Fla. R. Crim. P. 3.704(29). It is not disputed that Appellant's scoresheet reflected less than 22 sentence points. Nor is it disputed that Appellant was being sentenced for a non-forcible felony, as that term is defined in section 776.08, Florida Statutes.[1]

The trial court did not make any written findings in support of the sentence, and therefore, we are obliged to vacate the sentence. The trial court may well have had good reason to find a non-state prison sentence would present a danger to the community given Appellant's record, but written findings are necessary so that we can evaluate the sufficiency of the findings on appeal. See Jones v. State, 71 So. 3d 173 (Fla. 1st DCA 2011). Further, given the mandatory nature of section 775.082, we cannot overlook the requirement of a written finding, despite the

---

[1] Counterintuitive though it may be, felony battery is not a forcible felony since a battery can be committed by touching another against the person's will. See State v. Hearns, 961 So. 2d 211 (Fla. 2007); §§ 776.08 and 784.03, Fla. Stat.

State's request that we do so.  See Bryant v. State, 148 So. 3d 1251 (Fla. 2014). Finally, we reject the State's suggestion that any error was invited as the Appellant plainly requested a sentence less than prison.  On remand, the trial court shall resentence Appellant to a nonstate prison sanction.  Bryant.

Accordingly, Appellant's sentenced is VACATED, and the cause is REMANDED for imposition of a nonstate prison sanction.

LEWIS and WINOKUR, JJ., CONCUR.