Supreme Court of Florida

No. SC18-323

LAVERNE BROWN,
Petitioner,

VS.

STATE OF FLORIDA,
Respondent.

December 20, 2018

LAWSON, J.

We review the Fifth District Court of Appeal’s decision in Brown y. State,
233 So. 3d 1262 (Fla. 5th DCA 2017). In Brown, the Fifth District expressly
declared valid section 775.082(10), Florida Statutes (2015), which requires that a
qualifying offender whose sentencing scoresheet totals 22 points or fewer be
sentenced to a nonstate prison sanction unless the trial court makes written findings
that a nonstate prison sanction could present a danger to the public. We have
jurisdiction. See art. V, § 3(b)(3), Fla. Const. As explained below, because
subsection (10) requires the court, not the jury, to find the fact of dangerousness to

the public that is necessary to increase the statutory maximum nonstate prison
sanction, we hold that subsection (10) violates the Sixth Amendment to the United
States Constitution and quash the Fifth District’s decision.
BACKGROUND

Subsection (10) provides as follows:

If a defendant is sentenced for an offense committed on or after July

1, 2009, which is a third degree felony but not a forcible felony as

defined in s. 776.08, and excluding any third degree felony violation

under chapter 810, and if the total sentence points pursuant to s.

921.0024 are 22 points or fewer, the court must sentence the offender

to a nonstate prison sanction. However, if the court makes written

findings that a nonstate prison sanction could present a danger to the

public, the court may sentence the offender to a state correctional

facility pursuant to this section.

§ 775.082(10), Fla. Stat.

But for subsection (10), the penalty for a third-degree felony would be “a
term of imprisonment not exceeding 5 years” pursuant to section 775.082(3)(e),
Florida Statutes (2015). However, as this Court has previously explained, with the
2009 addition of subsection (10), the Florida Legislature “reinstated” the “practice
of upward departure sentences” by “requir[ing] a written finding regarding danger
to the public” for offenders who would otherwise be entitled to a nonstate prison
sanction pursuant to subsection (10). Bryant v. State, 148 So. 3d 1251, 1258 (Fla.

2014). In other words, subsection (10) marks a change from the Criminal

Punishment Code (CPC) that the Legislature adopted in 1998, in that the CPC
“does not contemplate upward departure sentences, because generally the statutory
maximum sentence is the highest possible sentence for any crime.” Id.

In the decision on review, the Fifth District expressly declared subsection
(10) valid in the context of rejecting Laverne Brown’s argument that “her state
prison sentence violates the Sixth Amendment, as interpreted by Apprendi v. New
Jersey, 530 U.S. 466 (2000), and its progeny, because the jury did not find that she
presents a danger to the public under section 775.082(10).” Brown, 233 So. 3d at
1262. Brown’s jury found her guilty of petit theft for stealing a DVD player from
a store, which was a third-degree felony based upon Brown’s prior convictions.
See id. Although Brown’s scoresheet totaled 16.4 points, the trial court found that
imposing a nonstate prison sanction presented a danger to the public and imposed
an upward departure sentence of three years’ incarceration in state prison. /d. at
1263. To avoid the constitutional problem of imposing an upward departure
sentence based upon judicial factfinding (as opposed to facts reflected in the jury
verdict or admitted by the defendant), the Fifth District adopted the Fourth
District’s prior classification of subsection (10) as providing for “mandatory
mitigation” of the maximum penalty of up to 5 years’ imprisonment that, but for
subsection (10), would apply to Brown’s third-degree felony conviction pursuant
to subsection (3)(e). Jd. at 1263-64 (citing Porter v. State, 110 So. 3d 962, 963

(Fla. 4th DCA 2013)); see also id. at 1265-66 (“[S]ection 775.082(10) is a
mitigation statute, and not one that unconstitutionally allows an increase in the
statutory maximum based upon judicial fact-finding.”).

Because Brown has since served her sentence and been released from
custody, we limit our review to the jurisdictional issue of the Fifth District’s
express declaration of subsection (10)’s validity and do not reach the parties’
arguments regarding harmless error and remedy.' Cf. State v. Matthews, 891 So.
2d 479, 483-84 (Fla. 2004) (retaining discretionary jurisdiction to address certified
conflict concerning a sentencing issue, even though the defendant had been
released from prison, explaining “[t]he mootness doctrine does not destroy [this
Court’s] jurisdiction because the question . . . is one of great public importance and
is likely to recur” and further “elect[ing] to proceed because the problem . . . is

capable of repetition yet evading review’).

1. The statute’s constitutionality is a question of law we review de novo.
See Caribbean Conservation Corp., Inc. v. Fla. Fish & Wildlife Conservation
Comm’n, 838 So. 2d 492, 500 (Fla. 2003). Although the 2015 version of the
statute is at issue in this case, the language of subsection (10) has not changed
since its addition in 2009. In addition, we note that the remedy to be addressed in a
future case relates to the remand instructions to be given by the appellate court if it
finds that a sentencing court has improperly imposed a prison sentence without a
jury finding of dangerousness. In other words, whether the appellate court remand
should instruct that a non-state prison sanction be imposed or afford the State an
opportunity to present the dangerousness issue to a jury.

_4-
ANALYSIS

In Apprendi, the United States Supreme Court held that “[o]ther than the fact
of a prior conviction, any fact that increases the penalty for a crime beyond the
prescribed statutory maximum must be submitted to a jury, and proved beyond a
reasonable doubt.” 530 U.S. at 490 (emphasis added). In Blakely v. Washington,
542 U.S. 296, 303 (2004), the Supreme Court defined the “statutory maximum” as
“the maximum sentence a judge may impose solely on the basis of the facts
reflected in the jury verdict or admitted by the defendant.”

We agree with Brown that subsection (10) unambiguously sets the statutory
maximum penalty, for Apprendi purposes as defined by Blakely, as “a nonstate
prison sanction,” § 775.082(10), Fla. Stat., for her and similarly situated offenders.
This is because, absent a factual finding of “dangerousness to the public”—a
finding not reflected in the jury’s verdict on the theft charge—the statute plainly
states that “the court must sentence the offender to a nonstate prison sanction,” id.
(emphasis added), given the crime charged and Brown’s criminal history as
reflected on her criminal punishment code scoresheet. Although it would have
been possible for the Legislature to have written this statute as a “mitigation
statute,” giving the court discretion to impose up to five years unless the defendant

proved non-dangerousness, the Legislature did not do so. We read statutes as they

are written. See Holly vy. Auld, 450 So. 2d 217, 219 (Fla. 1984) (“[W]hen the
language of the statute is clear and unambiguous and conveys a clear and definite
meaning, there is no occasion for resorting to the rules of statutory interpretation
and construction; the statute must be given its plain and obvious meaning.”
(quoting A.R. Douglass, Inc. v. McRainey, 137 So. 157, 159 (1931)).

Accordingly, we hold that subsection (10) violates the Sixth Amendment in
light of Apprendi and Blakely based on its plain language requiring the court, not
the jury, to find the fact of dangerousness to the public necessary to increase the
statutory maximum nonstate prison sanction. Cf Booker v. State, 244 So. 3d 1151,
1164 (Fla. Ist DCA 2018) (holding that “the second sentence of subsection (10) is
unconstitutional under the Sixth Amendment as applied to [the defendant]”
because “the trial judge’s factual findings—and thereby [the defendant’s] enhanced
sentence—were neither based on a jury finding that he poses a “danger to the
public’ nor limited to only the fact that [the defendant] had prior convictions’’); cf.
also Plott v. State, 148 So. 3d 90, 95 (Fla. 2014) (“hold[ing] that upward departure
sentences that are unconstitutionally enhanced in violation of Apprendi and Blakely
patently fail to comport with constitutional limitations, and consequently, the
sentences are illegal under rule 3.800(a)’”).

CONCLUSION
Because subsection (10) violates the Sixth Amendment by requiring the

court rather than the jury to make the finding of dangerousness to the public
QHFHVVDU\ WR LQFUHDVH WKH VW BWKRAVR WRPD [VAX
SULVRQ VHQWHQHAWM K2Z’H VIKDVKWY KAY SRIHWWEQHFUDE
qV YDGlowmLlLWQGGLVDSSURYH WKH ) R&réWwWK >LVWU
UHMHFWLQJ D VLPHQWUF &D[/WKHERJIHOG RQV K 8 GHEW RR
FRXUW WR LPSR RR YORQ D VOHROOWAAGO WW ADU IV WE @ LVAD@2 F
DSSOLHV PD NWKWKAXAMQUHURXVQHVV ILQG

,W LV VR RUGHUHG

&$1$’< &- DQG 39$5,€1A8,1&( 32/6721 DAG
1$%$5*$ -- FRQEXU

$1< 027,21 )25 5(+($5,17$B5) 8&$7,21 0867 %(),/(
21 25 %()25( 7(&(0%(5 $ 5(632 267 #( 027,21

)25 5(4+($5,1* &/$5,),&$B2M%0 ),/(' 2 2s %()25(
-$18$5< 127 ),1$/+86 7,/0T 3(5 (:3,5(6 72
)./( $ 5(4+($5,1* &/$5,)28$027,21'$1,) a
(7(50,1(’

$SSOLFDWLRQ IRUFSBMYRAZRRIWKHH ESBHWDOEW & ADDWWK
9DOLGLW\ &RQVWLWXWLRQDO &RQVWUXFWLRQ

)LIWK “LVWULFW &DVH 1R
2UDQJH &RXQW\

-DPHV 6 3XUG\ 3XEOLF ’HIHQGHU DQW GRWOLKHZ -
"HIHQGHU =6HYHQWAW-XOLWROMO &HOFK )ORULGD

IRU $SSHOODQW
3DPHOD -R %*RQGL FYWHWADREBVVHAH P@RGWG De XUND)

&®KLHI DQG ODUM) L B V9O/LLQYRAHDOQNWW 7 $U\WVARUGOQDH % HDGF Ht U
JORULGD