# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0675
Lower Tribunal No. 15-CF-33-A-P
_____

**Duglas Esmix Hernandez Morel,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Monroe County, James Morgan, III, Judge.

Duglas Esmix Hernandez Morel, in proper person.

James Uthmeier, Attorney General, for appellee.

Before SCALES, C.J., and GORDO and LOBREE, JJ.

PER CURIAM.

Duglas Esmix Hernandez Morel appeals from the summary denial of

his motion to correct illegal sentence. He was convicted after a jury trial of kidnapping, a first degree felony punishable by life under section 787.01(2), Florida Statutes (2015), and sexual battery, a second degree felony punishable by fifteen years under section 794.011(5), Florida Statutes (2015), and sentenced to twenty-five years in state prison on count one and a concurrent term fifteen years on count two.[1] The claims in this appeal are premised upon a fundamental misunderstanding of the Criminal Punishment Code, where Hernandez Morel contends that he could not be sentenced above the lowest permissible sentence calculated without a statutory citation within the amended information to any enhancing provision of section 775.082, Florida Statutes (2015). However, the Criminal Punishment Code provides that the lowest permissible sentence calculated in a scoresheet is the floor, or bottom-limit of any sentence to be imposed, rather than its ceiling. Compare § 921.0024(2), Fla. Stat. (2015) ("The lowest permissible sentence is the *minimum* sentence that may be imposed by the trial court, absent a valid reason for departure."), with § 921.002(1)(g), Fla. Stat. (2015) ("The trial court judge may impose a sentence *up to and including the statutory maximum* for any offense . . . ."), and § 921.002(1)(h) ("A sentence

---

[1] Hernandez Morel was also convicted and sentenced to sixty days for misdemeanor driving while license suspended or revoked.

may be appealed on the basis that it departs from the Criminal Punishment Code only if the sentence is *below* the lowest permissible sentence . . . .") (emphasis added).  "After the Criminal Punishment Code's enactment, our sentencing statutes no longer 'contemplate upward departure sentences, because generally the statutory maximum sentence is the highest possible sentence for any crime.'" Davis v. State, 268 So. 3d 958, 965 (Fla. 1st DCA 2019) (quoting Bryant v. State, 148 So. 3d 1251, 1258 (Fla. 2014)), approved, 332 So. 3d 970 (Fla. 2021).  As such, the trial court correctly summarily denied the motion.

Affirmed.